**In the Matter of the Conduct of Stanley P. CORNELIUS, Attorney at Law, Respondent.**

**No. 1944.**

Supreme Court of Alaska.
April 22, 1974.

Roger M. Leed and Croil Anderson, Seattle, Wash., and Terry G. Aglietti, Anchorage, for respondent.

Mary F. LaFollette, Anchorage, and M. Gregory Papas, Juneau, for Alaska Bar Assn.

## OPINION ON PETITION FOR RE-HEARING

Before RABINOWITZ, C. J., and CONNOR and FITZGERALD, JJ.

CONNOR, Justice.

Respondent petitions for rehearing.

His first contention is that we have misapprehended his argument concerning the appropriate standard for review of bar disciplinary proceedings. He contends that application of Alaska Bar Rule I, Sec. 25,[1] by either this court or the Board of Governors of the Alaska Bar Association, is constitutionally objectionable and, therefore, erroneous. He points out that we failed to cite or discuss in the opinion published herein the cases of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and In re Woll, 387 Mich. 154, 194 N.W.2d 835 (1972), on which respondent's argument is based.

Respondent's argument here misses the entire point. The *Chapman* and *Woll* cases concern the harmless error standard to be employed when an error of constitutional dimensions has occurred. Because we found no validity in any of respondent's claims that his constitutional rights were violated in his disciplinary proceeding, we had no occasion in our published opinion to consider whether any constitutional violation might amount to harmless error. We had no reason to discuss the *Chapman* or *Woll* cases, as they were simply inapplicable.

Respondent contends that we gave inadequate treatment to his due process claims of an unconstitutional combination of prosecutive and adjudicative functions and of improper *ex parte* communications between bar counsel and adjudicative officers of the Alaska Bar Association. We believe these questions were given the attention they deserved, in the light of the record and the legal arguments presented in respondent's briefs.

Respondent complains that certain cases cited by him in his briefs were not cited or discussed in our published opinion. These are: Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616 (1950); United States v. Abilene & S. R. Co., 265 U.S. 274, 44 S.Ct. 565, 68 L.Ed. 1016 (1924); Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967); and In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). We did not discuss these cases, because we did not regard them as the "controlling precedents" which respondent asserts them to be. *Wong Yang Sung* merely interprets the federal administrative procedure act as being applicable to certain deportation proceedings. The *Abilene* case concerns reliance by the Interstate Commerce Commission on reports filed with the agency which had not been formally put in evidence. *Spevack* holds that the assertion of the privilege against self-incrimination in disciplinary proceedings cannot be grounds for sanction, while *Ruffalo* deals with the question of what constitutes fair notice of the charges which an attorney must be prepared to meet in disciplinary proceedings. None of these questions were in issue in respondent's case.

It is not incumbent upon an appellate tribunal to engage in rambling dissertations as to why cases cited by counsel are not in point. It is enough that we have considered them and find that they have no bearing on the questions that we are called upon to decide.

In our published opinion we stated that before respondent is eligible for reinstatement " . . . it shall be established before any trial committee which shall be ap-

---

1. This rule provides in pertinent part:
   "Process and procedure under this rule shall be as summary as may be reasonable. No investigation or proceedings hereunder shall be held invalid by reason of any non-prejudicial irregularity, nor for any error not resulting in a miscarriage of justice."

pointed, that respondent has made full restitution to any person as to whom restitution may be owing as a result of the misconduct for which respondent was suspended." Respondent claims that this requirement is so vague that he will be unable to fulfill it. We think that this contention is frivolous. This court presently lacks the means of knowing either the persons to whom or the amounts by which restitution should be made. Respondent, however, does have the means of knowing these matters. When a petition for reinstatement is considered, it will then be appropriate to determine whether respondent has fulfilled his obligation to make whole those persons injured by his misconduct.

Lastly, respondent asks that we reconsider the periods of suspension imposed upon him. On this request we are unpersuaded. An order shall be entered effectuating the discipline set forth in our earlier opinion..

ERWIN and BOOCHEVER, JJ., not participating.